UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD J.,**[1]

        **Plaintiff,** :

  v.

                        **Case No. 2:24-cv-1336**
                        **Chief Judge Sarah D. Morrison**
                        **Magistrate Judge Chelsey M. Vascura**

**COMMISSIONER OF SOCIAL SECURITY,** :

        **Defendant.**

## ORDER

Plaintiff brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his applications for Social Security period of disability and disability insurance benefits and supplemental security income benefits. (ECF No. 1.) Plaintiff filed his Statement of Specific Errors on June 13, 2024. (ECF No. 7.) The Commissioner filed a Memorandum in Opposition (ECF No. 9), and Plaintiff filed a Reply (ECF No. 10). On September 26, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's denial of benefits. (ECF No. 11.) Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation (ECF No. 12), and the Commissioner responded (ECF No. 13).

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment, or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"After the Appeals Council reviews the ALJ's [Administrative Law Judge] decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if [this Court] would decide the matter differently." *Olive*, 2007 WL 5403416, at *2 (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)). Though substantial evidence may support an ALJ's decision, the Court will not uphold it when the Commissioner "fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives

2

the claimant of a substantial right." *Brittney B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3908, 2023 WL 5349520, at *2 (S.D. Ohio Aug. 21, 2023) (Vascura, M.J.) (citation omitted); *see also Burba v. Comm'r of Soc. Sec.*, No. 1:19-CV-905, 2020 WL 5792621, at *4 (N.D. Ohio Sept. 29, 2020) (observing that "the ALJ's discussion of the consistency factor could have been more clear" but holding that "even if the ALJ did not fully comply with 20 C.F.R. § 404.1520c, any error was harmless because her decision met the goals of the regulation").

In this case, Plaintiff contends that ALJ Paul E. Yerian committed two reversable errors: (1) when assessing the administrative findings from state agency reviewers, ALJ Yerian deemed persuasive the reviewers' findings about Plaintiff's ability to tolerate respiratory irritants but improperly failed to incorporate those findings into Plaintiff's residual functional capacity ("RFC") or explain their omission; and (2) ALJ Yerian found that Plaintiff could perform his past relevant work without resolving conflicts between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"). (ECF No. 7, PAGEID # 2657, 2662–66.) The Magistrate Judge determined that both contentions of error lack merit. (ECF No. 11, PAGEID # 2691.)

First, Plaintiff asserts that ALJ Yerian improperly approved him for moderate exposure to respiratory irritants instead of determining that he could not tolerate moderate exposure as opined by the state agency reviewers (or explaining the deviation from those opinions). (ECF No. 7, PAGEID # 2664.) After finding that ALJ Yerian appropriately applied the supportability and consistency factors, the Magistrate Judge concluded:

3

> [T]he ALJ explained that the totality of the evidence was more consistent with the limits he incorporated into Plaintiff's RFC as they properly accounted for his various impairments, including his respiratory impairments. And the ALJ performed a subjective symptom assessment which included a detailed discussion of the objective evidence related to Plaintiff's respiratory impairments … Accordingly, the undersigned concludes that the ALJ's decision, read as a whole, adequately explains how he considered the state agency reviewers' findings. The ALJ indicated that the totality of the evidence supported greater tolerance for exposure to respiratory irritants. The ALJ discussed that evidence at length, including objective medical evidence and Plaintiff's smoking habits, and Plaintiff does not challenge the accuracy of those discussions. Moreover, the ALJ's discussion when assessing the reviewers' findings was adequate—the ALJ was not required to restate the evidence about Plaintiff's respiratory impairments when he discussed the reviewers' findings.

(ECF No. 11, PAGEID # 2697, 2700.) Plaintiff objects to the Magistrate Judge's conclusion, arguing that ALJs "must explicitly point out which evidence they are relying on to support their finding as to the persuasiveness of the opinion," as opposed to merely providing "an extensive review of the record evidence before discussing the opinions." (ECF No. 12, PAGEID # 2709.)

Plaintiff also asserts that ALJ Yerian failed to resolve a conflict between the VE's testimony and the DOT, created when the VE testified that the DOT does not rate the cleaner/housecleaner position as one that entails exposure to atmospheric conditions but also that individuals performing such work could in fact be exposed to aerosols. (ECF No. 7, PAGEID # 2665.) Upon review of the testimony, the Magistrate Judge was not convinced of the significance of the conflict, explaining:

> Thus, the VE indeed testified that the cleaner/housecleaner position might not be a "great job" for a person who was "very sensitive" to respiratory irritants even though the DOT did not include an exposure rating for that position. But the ALJ did not find that Plaintiff was "very sensitive" to respiratory irritants. Instead, as explained, the ALJ determined that based on the totality of the evidence, including

4

> objective medical evidence and Plaintiff's smoking habits, Plaintiff was able to tolerate moderate exposure to respiratory irritants. (*Id*. at 409.) And the VE earlier testified that a hypothetical person who could tolerate occasional exposure to respiratory irritants could perform the cleaner/housecleaner position. The ALJ relied on that earlier testimony at step four. The VE's later testimony about "very sensitive" persons is not inconsistent with his earlier testimony. Moreover, the VE was not asked about less sensitive persons.
>
> Stated differently, it appears that there might be a conflict between the VE's testimony that cleaner/housecleaner might not be a great job for a "very sensitive" person and the DOT's lack of a rating for respiratory irritants. But the ALJ did not find that Plaintiff was very sensitive, and the undersigned can find no authority that suggests that an ALJ must resolve an unrelated conflict.

(ECF No. 11, PAGEID # 2704–05.) Plaintiff objects that "the R & R failed to address [his] argument that the ALJ failed to specify that the primary 'exception' of the vocational expert's testimony that is inconsistent with the DOT is the VE's testimony regarding 'obvious' exposure to atmospheric irritants at [his] past relevant work." (ECF No. 12, PAGEID # 2710.)

The Court has carefully reviewed the record in this case and concludes that the decision of the Commissioner is supported by substantial evidence and was made pursuant to proper legal standards. The issues raised in Plaintiff's Objections were considered and correctly addressed by the Magistrate Judge. As to Plaintiff's first contention, Plaintiff does not argue that ALJ Yerian mischaracterized the objective evidence discussed in his subjective symptom assessment. More importantly, as the Magistrate Judge concluded, ALJ Yerian discussed the evidence at length throughout his decision, which, when read as a whole, explains how he considered the state agency reviewers' findings and why he deviated from them with respect to the exposure level. (ECF No. 11, PAGEID # 2699; ECF No. 6-2,

5

PAGEID # 426–32.) ALJ Yerian explicitly referenced evidence in the record that did not "substantiate the severity of the pain and degree of functional limitations alleged," including Plaintiff's hearing testimony and his other past reports about his physical health, his medical history (clinical findings, examination results, medications, and treatment records, among other things), and his smoking habits. (ECF No. 6-2, PAGEID # 425–32.) ALJ Yerian considered the state agency reviewers' findings to be "generally persuasive as they are consistent with the evidentiary record," and his detailed review of the record indicates that Plaintiff could tolerate moderate exposure levels such that a deviation from the state agency reviewers' findings was necessary. (ECF No. 6-2, PAGEID # 431.) Thus, the Magistrate Judge correctly found that ALJ Yerian explained (though perhaps not as explicitly as Plaintiff desires) why certain limitations were not included in the RFC determination.

Looking to Plaintiff's second objection, even if the Court assumes (without deciding) that a conflict exists between the VE's testimony that a cleaner/housecleaner "is not a great job" for an individual "very sensitive" to respiratory irritants and the DOT's lack of a rating for such irritants, ALJ Yerian did not find Plaintiff to be "very sensitive" to irritants in the air—rather, ALJ Yerian determined that Plaintiff could tolerate moderate exposure to respiratory irritants and primarily relied[2] on the VE's earlier testimony that a hypothetical

---

[2] To the extent ALJ Yerian did rely on the VE's allegedly conflicting testimony, the guidance indicates that "[r]easonable explanations for such conflicts, which may provide a basis for relying on the evidence from the VE or VS, rather than the DOT information, include … Evidence from VEs or VSs can include

6

person who could withstand occasional exposure (like Plaintiff) could perform the cleaner/housecleaner position. (ECF No. 11, PAGEID # 2703–04 (citations omitted)); *cf., e.g., Isaac v. Comm'r of Soc. Sec.*, No. 1:16-cv-1345, 2017 WL 3705902, at *9 (N.D. Ohio July 28, 2017) ("Here, because the VE found that [the claimant] could perform his past work as actually performed, any conflict with the DOT regarding how the job is generally performed is irrelevant."). Although Plaintiff insists that ALJ Yerian did not "explain how the specific conflicts identified by the VE were resolved" as required by SSR 00-4P, Plaintiff points to no authority, either in his Statement of Specific Errors or his Objections, suggesting that ALJs must resolve conflicts unrelated or peripheral to the ultimate disability claim.

Accordingly, the Court **OVERRULES** Plaintiff's Objections (ECF No. 12), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 11), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

    **IT IS SO ORDERED.**

                                            /s/ Sarah D. Morrison  
                                            **SARAH D. MORRISON**  
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

---

information not listed in the DOT. The DOT contains information about most, but not all, occupations." SSR 00-4P (S.S.A. Dec. 4, 2000). In this case, the VE testified that the DOT and other sources "have very specific definitions of what constitutes atmospheric conditions" and "look[] at hazardous kinds of situations" as opposed to irritants found in a household cleaning environment. (ECF No. 11, PAGEID # 2703–04 (citation omitted).)

7